FILED
CLERK, U.S. DISTRICT COURT
MAY 22 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO MORTGAGE, FORECLOSURE UNIT, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>SHAUNA NICOLE MCGEE, ET AL.,<br><br>       Defendants. | Case No. CV 14-3288-UA (PJWx)<br><br>[PROPOSED] ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

Before the Court is an unlawful detainer action that has been removed from the Los Angeles County Superior Court. For the following reasons, the case is summarily remanded to the Superior Court.

On April 29, 2014, Defendant Shauna McGee, having been sued in the Superior Court of Los Angeles in what appears to be a routine unlawful detainer action, removed the action to this court. Simply put, because Plaintiff could not have brought this action in federal court in the first place (because there is no subject matter jurisdiction), Defendant cannot remove it to here. *See* 28 U.S.C. § 1441(a); and *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005). The case does not meet the requirements of 28 U.S.C. § 1331 because it does not raise a federal question. *See* 28 U.S.C.

§§ 1331. And it does not meet the requirements of diversity jurisdiction because, even assuming that Defendant could establish that there was complete diversity of citizenship between the parties, she could not show that the amount in controversy exceeds $75,000, as the Complaint makes clear that there is less than $10,000 in dispute. See 28 U.S.C. §§ 1332.

Defendant argues that the case is removable under 28 U.S.C. § 1443. This provision allows a defendant to remove an action from state court if she can show that the state court will not enforce federal equal protection laws. In order to remove a case under this section, however, a defendant must do more than merely allege that the state court will fail to enforce equal protection laws, she must also allege that she attempted to invoke such a law and that the state court refused to enforce it because a state law or constitutional provision commanded the state court to ignore federal law. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (holding petition for removal under § 1443 must assert equal protection rights will not be enforced by state court due to state statute or constitutional provision that commands state court to ignore federal rights). Defendant cannot do so here as nothing in the California Constitution or any state law commands state judges to ignore federal equal protection guarantees. As such, this argument is rejected.

Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the Superior Court of California, County of Los Angeles, 1725 Main Street, Santa Monica, California 90401; (2) the clerk shall send a certified copy of this

Order to the state court; and (3) the clerk serve copies of the Order on the parties.

IT IS SO ORDERED.

DATED: 5/19/14

GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-IFP\Civil duty IFP denials\McGee.wpd